UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RYAN CRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00132-TWP-KMB |
| ) | |
| BRENT MILLER Sheriff, ) | |
| JOEY RICHARDSON Jail Commander, ) | |
| TYSON ABBOTT, ) | |
| NURSE SHERRY[1], ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANT PATTON'S MOTION FOR
SUMMARY JUDGMENT AND DIRECTING FURTHER ACTIONS**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Sherry Patton ("Nurse Patton") (Dkt. 64). Plaintiff Ryan Crum's ("Mr. Crum") Amended Complaint brings Fourteenth Amendment claims against Defendants Brent Miller, Joey Richardson, Tyson Abbott, and Nurse Patton. Mr. Crum's claim against Nurse Patton is that she provided inadequate medical care for injuries that he sustained on August 2, 2021, when jail personnel knocked out some of Mr. Crum's teeth by slamming him on a metal bedframe. Nurse Patton seeks judgment as matter of law, and Mr. Crum did not respond to her summary judgment motion. For the reasons stated in this Order, summary judgment is **granted** as to Nurse Patton. And because of the age of this case, the Court directs further actions of the remaining parties.

**I.   STANDARD OF REVIEW**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment

---

[1] Mr. Crum incorrectly named this Defendant "Nurse Sherry," however, her true name is Sherry Patton. The Court will use defendants correct name-Nurse Patton--in this Order.

1

as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Crum failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. FACTUAL BACKGROUND

Because Nurse Patton has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party, Mr. Crum, and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

At the times relevant to this litigation, Nurse Patton was a Licensed Practical Nurse employed by Quality Correctional Care, LLC ("QCC") and assigned to the Washington County Jail ("the Jail"). Dkt. 65-2 ¶ 4 (Dew Affidavit). She was tasked with a variety of nursing duties including completing patient evaluations, conveying patient information to Dr. Kevin Dew (a QCC doctor assigned to the Jail), and carrying out the medical orders that Dr. Dew issued. *Id.* ¶¶ 2, 5.

Mr. Crum was booked into the Jail on August 2, 2021. (Dkt. 65-1 at 3). County Intake Officers completed a medical intake assessment. (Dkt. 65-2 ¶ 9). According to the completed medical intake assessment provided to Nurse Patton, Mr. Crum had no medical issues or injuries that required immediate attention. *Id.* ¶ 10. Dr. Drew opined that, based on the lack of any concerning medical information in Mr. Crum's medical intake assessment, Nurse Patton's lack of immediate follow up with Mr. Crum was completely reasonable and well within the medical standard of care. *Id.* ¶ 11.

Later in the evening of August 2, Nurse Grimes talked to Mr. Crum at his cell door following his request to see a nurse. Dkt. 65-1 at 51. He was very upset and crying. *Id.* When Nurse Grimes asked Mr. Crum what he needed, Mr. Crum said that he should not be in jail and that he did nothing wrong. *Id.*

On August 19, 2021 Mr. Crum had his 14-Day Health Assessment. *Id.* at 2. During this assessment, it was noted that his teeth showed signs of decay. *Id.* There were no notes of tooth infection or swelling. *Id.* Dr. Dew opined that all of Nurse Patton's actions and documentation

3

during the 14-Day Health Assessment were reasonable and well within the medical standard of care. Dkt. 65-2 ¶ 16.

The same day, Mr. Crum submitted an electronic request to medical staff through the jail kiosk. (Dkt. 65-1 at 14). He expressed concerns about what food was on his trays because he followed a pescatarian diet, but he did not make any medical request and made no mention of broken teeth or violence inflicted by correction officers. *Id.* Mr. Crum submitted a similar request on August 29, 2021. *Id.* at 13.

On August 31, 2021 Mr. Crum submitted a medical request for issues related to his "broken tooth," stating:

> [I] have been given antibiotics for two days for my abcess when most of my tooth was busted out by CO's on day 1 here. the nurse has not been here in the evening the last few days and they wont give them to me in the p.m.; this rises major concern to me… one concern is the stop and go with antibiotics… another is why an unfit CO gives me Tylenol exclaiming its ibuprofen…have had kidney problems from acetametaphin (sp?) and am getting told ibuprofen is whats being administered on multiple occasions… this is some sort of malpractice and relief needs to be provided considering my health and condition was better (prior to being here) vs being here. thank you for your help!

*Id.* at 12 (spelling, ellipses as in original). The same day, Nurse Patton saw Mr. Crum for a full health evaluation. (Dkt. 65-2 ¶ 20). Nurse Patton noted Crum's concerns regarding tooth pain and swelling. (Dkt. 65-1 at 1). She then provided her evaluation results to Dr. Dew, who prescribed Mr. Crum an antibiotic (Cipro) and pain reliever (Ibuprofen) for infection, swelling, and pain. (Dkt. 65-2 ¶ 21). Dr. Dew opined that all of Patton's actions and documentation at the August 31 medical evaluation were reasonable and well within the medical standard of care. *Id.* ¶ 22.

Other than a medical request form submitted on November 14 again addressing the food available at the jail, Nurse Patton had no other interactions with Crum during 2021. *Id.* ¶ 23; dkt. 65-1 at 9.

### III. DISCUSSION

Mr. Crum's claim against Nurse Patton is that she provided inadequate medical care for injuries he sustained while he was a pretrial detainee in the Jail in 2021. Nurse Patton, "[i]n order to err on the side of caution and thoroughness," also briefed her summary judgment motion regarding allegations occurring in 2023. (Dkt. 67 at 1). The amended complaint, however, only alleges that Nurse Patton provided inadequate medical care in 2021, so the Court does not address the medical care Nurse Patton provided to Mr. Crum in 2023, as it is not before the Court. (Dkt. 18 at 4).

A pretrial detainee's unconstitutional medical care claim, brought under the Due Process Clause of the Fourteenth Amendment, is analyzed according to the objective unreasonableness inquiry laid out in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *See also Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). A defendant violates a pretrial detainee's due process right to constitutionally acceptable medical care if:

> (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] "purposefully, knowingly, or perhaps even recklessly" with respect to the risk of harm.

*Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (quoting *Miranda*, 900 F.3d at 353−54). "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively— without regard to any subjective belief held by the individual—whether the response was reasonable." *Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019) (cleaned up).

Nurse Patton argues that the undisputed evidence shows (1) she did not act purposefully, knowingly, or recklessly to harm Mr. Crum, and (2) her actions were not objectively unreasonable.

On the record presented, the Court agrees.

Dr. Dew's sworn opinion that Nurse Patton's actions were reasonable and within the standard of medical care is uncontested evidence of the reasonability of Nurse Patton's actions. The non-opinion evidence also shows no apparent objective unreasonableness, nor is there a reasonable inference that Nurse Patton purposefully, knowingly, or recklessly acted to harm Mr. Crum. The designated evidence is that Mr. Crum's initial medical intake exam did not reveal a need for immediate medical or dental attention and the 14-Day form mentioned tooth decay but not infection or swelling. Though Mr. Crum's August 31, 2021 message discusses his dental problem and he discusses issues he experienced gaining proper medication for it, there is no evidence that Nurse Patton was responsible for those issues.[2] Instead, there is evidence that she saw Mr. Crum in response to his message and noted his tooth pain and swelling, which ultimately resulted in Dr. Dew prescribing medications for Mr. Crum.

Because the evidence, even when viewed in the light most favorable to Mr. Crum, does not show that Nurse Patton acted purposefully, knowingly, or recklessly to harm Mr. Crum and does not show that her actions were objectively unreasonable, the Court grants summary judgment in favor of Nurse Patton.

### IV.  CONCLUSION

For the reasons explained above, Defendant Nurse Sherry Patton's unopposed motion for summary judgment, Dkt. [64] is **GRANTED**. The clerk is directed to terminate Nurse Patton as a defendant in this action. This case remains pending as to Defendants Brent Miller, Joey Richardson, and Tyson Abbott.

---

[2] Mr. Crum did write in his message that "the nurse has not been here in the evening the last few days and they wont give [the antibiotics] to me in the p.m.," but the evidence of "the nurse" being off duty falls short of being evidence that Nurse Patton provided inadequate medical care. (Dkt. 65-1 at 12).

## V.  FURTHER ACTIONS

This action was initiated in August 2023.  (Dkt. 1). The dispositive motions deadline has passed, and the claims against Defendants Brent Miller, Joey Richardson, Tyson Abbott, remain pending. In a separate order, this case will be set for trial.

On September 12, 2025, Mr. Crum stated that he intends to litigate his case *pro se* and "participate personally in any settlement conference," and that he is "committed to presenting my own case and to remain[] the primary voice before the Court and jury." (Dkt. 71 at 2). If Mr. Crum has changed his mind, he may file a motion for assistance with recruiting counsel by **February 16, 2026**. Once that deadline passes, or once any such motion has been ruled on, the Magistrate Judge is asked to schedule a telephonic status conference to discuss further proceedings. The Court also requests that the Magistrate Judge schedule a settlement conference, in advance of the trial date.

No partial final judgment shall issue at this time.

**IT IS SO ORDERED.**

Date: 1/26/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RYAN CRUM
299480
1550 N. Highschool Road
Indianapolis, IN 46624

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Brian M. Pierce
Brian M. Pierce, Attorney at Law
brian@brianpiercelaw.com

7